IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | :   CRIMINAL NUMBER 14-50 |
| | : |
| JUCONTEE THOMAS WOEWIYU | : |

### O R D E R

**AND NOW**, this          day of                    2017, upon consideration of the Defendant's Motion to Dismiss for a Violation of the Speedy Trial Act and any Government response thereto, it is **ORDERED** that the Motion be **GRANTED**. The Indictment shall be dismissed without prejudice.

BY THE COURT:


_____
THE HONORABLE ANITA B. BRODY
Senior United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 14-50 |
| | : | |
| JUCONTEE THOMAS WOEWIYU | : | |

DEFENDANT'S MOTION TO DISMISS

Jucontee Thomas Woewiyu, through undersigned counsel, moves this Court to dismiss the indictment for a violation of the Speedy Trial Act. *See* 18 U.S.C. § 3161 *et seq.*; § 3162(a)(2). In support thereof, Mr. Woewiyu incorporates the attached memorandum of law and avers:

1. The government indicted Mr. Woewiyu on January 30, 2014, and his initial appearance occurred on May 14, 2014. Shortly after Mr. Woewiyu's appearance and detention, trial was scheduled to commence on July 7, 2014.

2. On June 12, 2014, upon the government's motion, this Court declared this case "complex" and continued the trial date "for a period to be determined by the Court beyond the time limits established by the Speedy Trial Act." *See* ECF Nos. 12 and 13; 18 U.S.C. §§ 3161(h)(7)(A) & (B)(ii). The Court did not set or specify a new trial date.

3. On September 2, 2014, this Court appointed the Federal Community Defender Office to represent Mr. Woewiyu. ECF No. 20. On September 17, 2014, undersigned counsel filed a motion to have Mr. Woewiyu released from custody

1

pending trial, which this Court granted on October 22, 2014.  ECF Nos. 24 and 30.  Due to an issue with Mr. Woewiyu's satisfaction of the requirement to post security, counsel filed a motion to correct the order releasing Mr. Woewiyu from custody on November 26, 2014.  A stipulation was entered by both parties on December 17, 2014, which facilitated Mr. Woewiyu's release that same day.

4.     There was no action in Mr. Woewiyu's case between December 17, 2014, and October 7, 2015—the day that Mr. Woewiyu filed a motion to modify the conditions of his release.  ECF No. 38.  The Court granted Mr. Woewiyu's motion for modification on October 8, 2015.  ECF Nos. 38 and 40.  At no point did the Court set a new trial date, or invoke an additional complex-case continuance under § 3161(h).

5.     There was no action in Mr. Woewiyu's case between October 8, 2015, and December 15, 2015, when Mr. Woewiyu filed another motion to modify the conditions of his release.  ECF No. 41.  The Court granted Mr. Woewiyu's second motion for modification on December 16, 2015.  ECF No. 42.  Once again, the Court did not set a new trial date, or invoke an additional complex-case continuance under § 3161(h).

6.     Nothing happened in Mr. Woewiyu's case from December 16, 2015, through June 21, 2016, the day on which Mr. Woewiyu filed another motion to modify the conditions of his release.  ECF No. 43.  On June 22, 2016, the government filed a motion for a pretrial conference pursuant to Section 2 of the Confidential Information Procedures Act ("CIPA").  The Court granted Mr. Woewiyu's modification motion (ECF No. 47), but did not rule on the government's CIPA-related motion.  On March

3, 2017, the Court granted the government's request for a CIPA pre-trial conference, thereby setting in motion the discovery litigation currently pending. On December 5, 2017, without ruling on Mr. Woewiyu's discovery motions, the Court set a trial date for February 26, 2018.

7. Now, this Court must dismiss the indictment without prejudice because Mr. Woewiyu's statutory speedy-trial rights were violated by a delay of (at least) 550 days. Mr. Woewiyu does not contest the Court's designation of his case as "complex" under § 3161(h), which necessarily rendered *some* of the delay beyond the 70-day limit excludable. *See generally* 18 U.S.C. § 3161(c)(1) (establishing that a defendant must be brought to trial within 70 days of his indictment or initial appearance, whichever is later).

8. Instead, he maintains that the Court's one-time "complex" designation failed to exclude the remaining 480 days of inaction that transpired between December 17, 2014, and October 7, 2015; October 8, 2015, and December 15, 2015; and December 16, 2015, and June 21, 2016. *See generally United States v. Clymer*, 25 F.3d 824 (9th Cir. 1994) (dismissing indictment where three separate "complexity" findings were insufficient to exclude 452 days of delay under the § 3161(h)(8)(A)).

9. In particular, Mr. Woewiyu contends that the Court's single "complexity" finding under § 3161(h)(8)(B)(ii) was insufficient to account for all 480 days of non-excludable delay because it was not "specifically limited in time" and was never renewed by a justification "on the record with reference to the facts as of the time the delay is ordered." *Clymer*, 25 F.3d at 828 (quoting *United States v. Jordan*,

915 F.2d 563, 565-66 (9th Cir. 1990)). And even if open-ended continuances do not *per se* violate the Speedy Trial Act, the one at issue here did because it resulted in a delay of at least 18 months, which is necessarily unreasonable under the particular circumstances of this case. *See generally United States v. Lattany*, 982 F.2d 866, 868 (3d Cir. 1992) (holding that "open-ended continuances to serve the ends of justice are not prohibited *if they are reasonable in length*.") (emphasis added).

**Wherefore**, for the reasons stated herein and in the accompanying memorandum of law, Jucontee Thomas Woewiyu respectfully requests that the Court dismiss the indictment without prejudice pursuant to 18 U.S.C. §§ 3161(h) and 3162(a)(2).

        Respectfully submitted,

        /s/ *Mark Wilson*
        Mark Wilson
        Assistant Federal Defender

        Andrew J. Dalack
        Research & Writing Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 14-50 |
| | : | |
| JUCONTEE THOMAS WOEWIYU | : | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR A VIOLATION OF THE SPEEDY TRIAL ACT

I.   Introduction

A trial has been delayed in this case by at least 550 days since Mr. Woewiyu's initial appearance on the indictment. Of course, 70 days of this delay are necessarily excludable under 18 U.S.C. § 3161(c)(1). But it is impossible for this Court to find that *any* of the remaining 480 days are excludable because a "single, open-ended 'ends of justice' determination early in a case [cannot] exempt the entire case from the requirements of the Speedy Trial Act altogether." *United States v. Clymer*, 25 F.3d 824, 829 (9th Cir. 1994) (quoting *United States v. Jordan*, 915 F.2d 563, 565-66 (9th Cir. 1990)). Accordingly, the indictment must be dismissed without prejudice under § 3162(a)(2).

II.   Discussion

The 480 days of pretrial delay at issue here compels dismissal of the indictment because this Court's "early, open-ended 'complexity' declaration" failed to adhere to the "significant *procedural* constraints" imposed on "district courts that wish to exclude delay on the basis of the 'ends of justice.'" *Clymer*, 25 F.3d at 829

1

(emphasis in original). Consequently, *none* of the 480-day delay is excludable under § 3161(h).

"Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy days of the indictment or of his initial appearance before a judicial officer, whichever is later." *Clymer*, 25 F.3d at 827 (citing 18 U.S.C. § 3161(c)(1)). "However, the Act sets forth several types of so-called 'excludable delay.'" *Id.* (quoting 18 U.S.C. § 3161(h)). "As the name suggests, any pretrial 'excludable delay' does not count toward the seventy day limit." *Id.*

One variation of excludable delay is found under 18 U.S.C. § 3161(h)(8)(A), which excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Courts have recognized that Congress intended § 3161(h)(8)(A)'s ends-of-justice exclusion to be "rarely used," as the "provision is 'not a general exclusion for every delay.'" *Clymer*, 25 F.3d at 828 (quoting *Jordan*, 915 F.2d at 565 (quoting *United States v. Nance*, 666 F.2d 353, 355 (9th Cir. 1982), *cert. denied*, 456 U.S. 918 (1982))). Put differently, the ends-of-justice exclusion "is not to be routinely applied, and [] may not be invoked in such a way as to circumvent the time limitations set forth in the Act." *Clymer*, 25 F.3d at 829. This is because "[t]he Speedy Trial Act and its amendments are the product of a series of delicate legislative compromises," which could be "seriously distorted if a district court were able to make a single, open-ended

'ends of justice' determination early in a case" in order to "exempt the entire case from the requirements of the Speedy Trial Act altogether." *Id.* (internal citations and quotations omitted).

Thus, a court may generally grant an ends-of-justice continuance "if it satisfies two requirements: (1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" *Clymer*, 25 F.3d at 828 (quoting *Jordan*, 915 F.2d at 565-66). But if a court desires to grant an open-ended continuance, it must not "continue for an unreasonably long period of time … under the particular circumstances of [the] case." *United States v. Lattany*, 982 F.2d 866, 881-82 (3d Cir. 1992). Finally, "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

*Clymer* is illustrative. There, the Ninth Circuit reversed a district court's decision denying the defendant's motion to dismiss under the Speedy Trial Act. Specifically, there were 522 days of total delay, of which 452 needed to be excluded in order to save the indictment. At issue was whether the district court's three separate "complexity" findings were sufficient to toll the speedy-trial clock for 452 days. One of the court's complexity findings occurred at a hearing nine months *after* trial, and was thereby rejected by the Ninth Circuit outright. *Clymer*, 25 F.3d at 828-29 ("We express no view on the merits of this determination, for we have previously stated that a district court may not, subsequent to the grant of a continuance, undertake for

3

the first time to consider the factors and provide findings required by section 3161(h)(8)(A).") (internal citations and quotations omitted). This meant that the indictment could survive only if the other two pre-trial complexity findings were sufficient to account for the entire, 452-day delay.

The Ninth Circuit evaluated each complexity finding separately. The first "complied with the dictates of the Act" because the district court "continued proceedings" to a specific date and justified its rationale for the continuance on the record. *Clymer*, 25 F.3d at 828. This initial continuance accounted for 57 days of delay. But the second complexity finding was unavailing; "[a]lthough the court purported to make a finding … that the case is complex litigation," the court's "declaration was not specifically limited in time." *Id.* (internal citations and quotations omitted). "The court never stated how much time would be excluded as a result of [its] finding, and it never explained when the case's complexity would terminate for Speedy Trial Act purposes." *Id.* Put differently, because the second finding was the exact kind of "open-ended declaration" that the Act "clearly prohibit[s]," it could not account for *any* of the delay. *Id.*

This case presents circumstances worse than *Clymer*; the only complexity finding at issue was made more than *three* years ago (June 12, 2014) and was indefinite: "It is hereby ORDERED, pursuant to 18 U.S.C. § 3161(h)(7)(A) that this case is continued *for a period of time to be determined* by the Court beyond the time limits established by the Speedy Trial Act." *See* ECF No. 13 at 3-4 (emphasis added). The Court "never stated how much time would be excluded as a result of [its] finding,

4

and it never explained when the case's complexity would terminate for Speedy Trial Act purposes." *Clymer*, 25 F.3d 828. This kind of "open-ended 'ends of justice' determination early in a case" simply cannot be credited; to do otherwise would be to effectively "exempt the entire case from the requirements of the Speedy Trial Act altogether" in clear violation of the "significant *procedural* constraints on district courts that wish to exclude delay on the basis of the 'ends of justice.'" *Id.* at 829 (emphasis in original). At the very least, the Court's open-ended continuance was never renewed and caused an unreasonable delay that was not justified by, *e.g.*, repeated changes of counsel, lengthy and complex motion practice, or repeated requests by Mr. Woewiyu to continue the trial date. *See Lattany*, 982 F.2d at 882 ("Considering these [numerous] changes of counsel together with [the defendant's] acquiescence in the requests for the long continuances those changes entailed, we hold the delays occasioned by the court's open-ended continuance and its extension were not unreasonable….").

Therefore, it is necessarily *impossible* to rely on this Court's single and open-ended ends-of-justice continuance to exclude the entire 480-delay from the speedy-trial clock. Mr. Woewiyu's rights under the Speedy Trial Act have been violated, and the only remedy is dismissal of the indictment without prejudice. 18 U.S.C. § 3162(a)(2).[1]

---

[1] 18 U.S.C. § 3162(a)(2) presents two remedies for a speedy-trial violation: dismissal of the indictment without prejudice, or with prejudice. But Mr. Woewiyu acknowledges that he cannot meet the bar required to dismiss the indictment with prejudice, thereby obviating the need to engage in a § 3162-specific analysis.

5

### III. Conclusion

Since Mr. Woewiyu's initial appearance, there have been at least 480 days of delay that are not accounted for by the 70-day period imposed by 18 U.S.C. § 3161(c). Because none of this time is excludable under the Court's barebones and lone complexity finding back in mid-2014, the indictment must be dismissed without prejudice.

Respectfully submitted,

/s/ *Mark Wilson*
Mark Wilson
Senior Trial Counsel

Andrew J. Dalack
Research & Writing Attorney

# CERTIFICATE OF SERVICE

I, Mark Wilson, Senior Trial Counsel, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have caused a copy of the Defendant's Motion to Dismiss the Indictment to be filed and served electronically through the Eastern District Clerk's Office Electronic Case Filing System ("ECF") and/or by hand delivery upon:

Linwood C. Wright, Jr.
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania, 19106.

/s/ Mark Wilson
MARK WILSON
Senior Trial Counsel

DATE: December 14, 2017